

**CT Corporation**
Service of Process Notification
07/11/2023
CT Log Number 544264941

## Service of Process Transmittal Summary

**TO:** Marcie Wolf
SUPERVALU INC.
11840 Valley View Road
Eden Prairie, MN 55344-3643

**RE:** Process Served in New York

**FOR:** United Natural Foods, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ERIC MENDEZ MARTINEZ // To: United Natural Foods, Inc. |
| **CASE #:** | 7138852023 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/11/2023 at 15:12 |
| **JURISDICTION SERVED:** | New York |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/12/2023, Expected Purge Date: 07/17/2023 |
| | Image SOP |
| | Email Notification, Marcie Wolf  marcie.j.wolf@unfi.com |
| | Email Notification, Roxy Cote  roxy.k.cote@unfi.com |
| | Email Notification, Tom Moher  tom.g.moher@unfi.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
28 Liberty Street
New York, NY 10005
800-448-5350
MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jul 11, 2023
**Server Name:** dondre dennis

| Entity Served | UNITED NATURAL FOODS, INC. |
|---|---|
| Case Number | 7138852023 |
| Jurisdiction | NY |

| Inserts | | |
|---|---|---|
| | | |



FILED: QUEENS COUNTY CLERK 07/06/2023 05:19 PM                INDEX NO. 713885/2023
NYSCEF.DOC. NO. 1                                             RECEIVED NYSCEF: 07/06/2023

SUPREME COURT OF THE STATE OF NEW YORK            Date Filed:
COUNTY OF QUEENS                                  Index:
================================X
ERIC MENDEZ MARTINEZ,                             **SUMMONS**

                          Plaintiff,  Plaintiff designates
                                    Queens County
   -against-                             as place of trial

LONDON TERELL CREAMER, UNITED NATURAL            The basis of the venue is:
FOODS INC., and UNFI TRANSPORT, LLC,             Situs of Occurrence

                          Defendants.
==================================X
TO THE ABOVE NAMED DEFENDANTS:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
        July 6, 2023

The nature of this action is for injuries sustained as a result of the defendants' negligence.
The relief sought is monetary damages.

                                         ELEFTERAKIS, ELEFTERAKIS & PANEK

                                         -------------------------------
                                         BY: NICHOLAS ELEFTERAKIS, ESQ.
                                         *Attorneys for Plaintiff*
                                         80 Pine Street, 38th Floor
                                         New York, N.Y. 10005
                                         (212) 532-1116

**Failure to respond, a judgment will be against you, by default and interest from October 20, 2022.**

Defendants:
**LONDON TERELL CREAMER**
609 Saint Marys Drive
Steelton, PA 17113

**UNITED NATURAL FOODS INC.**
11840 Valley View Road
Eden Prairie, MN 55344

**UNITED NATURAL FOODS INC.**
CT Corporation System
28 Liberty Street
New York, NY 10005

**UNITED NATURAL FOODS INC.**
313 Iron Horse Way
Providence, RI 02908

**UNITED NATURAL FOODS INC.**
655 Commerce Parkway East Drive
Greenwood, IN 46143

**UNFI TRANSPORT, LLC**
CT Corporation System
28 Liberty Street
New York, NY 10005

**UNFI TRANSPORT, LLC**
313 Iron Horse Way
Providence, RI 02908

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
================================X    Index No:
ERIC MENDEZ MARTINEZ,

                Plaintiff,                          **VERIFIED COMPLAINT**

          -against-

LONDON TERELL CREAMER, UNITED NATURAL
FOODS INC., and UNFI TRANSPORT, LLC,

               Defendants.
================================X

Plaintiff, by his attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, as and for his Verified Complaint, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1. The plaintiff, **ERIC MENDEZ MARTINEZ**, at all times herein mentioned was and still is a resident of the State of New York.

2. The defendant, **LONDON TERELL CREAMER**, at all times herein mentioned was and still is a resident of the State of New York.

3. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **UNITED NATURAL FOODS INC.**, was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

4. That at all the times hereinafter alleged, and upon information and belief, Defendant, **UNITED NATURAL FOODS INC.**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

5. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **UNITED NATURAL FOODS INC.**, maintained a principal place of business in the State of New York.

FILED: QUEENS COUNTY CLERK 07/06/2023 05:19 PM                                INDEX NO. 713885/2023
NYSCEF DOC. NO. 1                                                              RECEIVED NYSCEF: 07/06/2023

6. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **UNITED NATURAL FOODS INC.**, conducted and carried on business in the State of New York.

7. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **UNITED NATURAL FOODS INC.**, transacted business within the State of New York.

8. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **UNITED NATURAL FOODS INC.**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

9. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **UNITED NATURAL FOODS INC.**, expected or should have reasonably expected its acts to have consequences in the State of New York.

10. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **UNFI TRANSPORT, LLC**, was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

11. That at all the times hereinafter alleged, and upon information and belief, Defendant, **UNFI TRANSPORT, LLC**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

12. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **UNFI TRANSPORT, LLC**, maintained a principal place of business in the State of New York.

13. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **UNFI TRANSPORT, LLC**, conducted and carried on business in the State of New York.

14. That at all of the times hereinafter mentioned, and upon information and belief, Defendant,

**UNFI TRANSPORT, LLC**, transacted business within the State of New York.

15. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **UNFI TRANSPORT, LLC**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

16. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **UNFI TRANSPORT, LLC**, expected or should have reasonably expected its acts to have consequences in the State of New York.

17. On or about October 20, 2022, defendant, **LONDON TERELL CREAMER**, owned a certain automobile with license plate 2886940 as issued by the State of Indiana.

18. On or about October 20, 2022, defendant, **LONDON TERELL CREAMER** was the lessee of a certain automobile with license plate 2886940 as issued by the State of Indiana.

19. On or about October 20, 2022, defendant, **LONDON TERELL CREAMER** was the lessor of a certain automobile with license plate 2886940 as issued by the State of Indiana.

20. On or about October 20, 2022, defendant, **LONDON TERELL CREAMER** maintained a certain automobile with license plate 2886940 as issued by the State of Indiana.

21. On or about October 20, 2022, defendant, **LONDON TERELL CREAMER** controlled a certain automobile with license plate 2886940 as issued by the State of Indiana.

22. On or about October 20, 2022, defendant, **LONDON TERELL CREAMER** operated a certain automobile with license plate 2886940 as issued by the State of Indiana.

23. On or about October 20, 2022, defendant, **LONDON TERELL CREAMER** operated, maintained and controlled a certain automobile with license plate 2886940 as issued by the State of Indiana with consent of its owner.

24. On or about October 20, 2022, defendant, **UNITED NATURAL FOODS INC.**, owned a certain automobile with license plate 2886940 as issued by the State of Indiana.

25. On or about October 20, 2022, defendant, **UNITED NATURAL FOODS INC.** was the lessee of a certain automobile with license plate 2886940 as issued by the State of Indiana.

26. On or about October 20, 2022, defendant, **UNITED NATURAL FOODS INC.** was the lessor of a certain automobile with license plate 2886940 as issued by the State of Indiana.

27. On or about October 20, 2022, defendant, **UNITED NATURAL FOODS INC.** maintained a certain automobile with license plate 2886940 as issued by the State of Indiana.

28. On or about October 20, 2022, defendant, **UNITED NATURAL FOODS INC.** controlled a certain automobile with license plate 2886940 as issued by the State of Indiana.

29. On or about October 20, 2022, defendant, **LONDON TERELL CREAMER** operated, maintained and controlled a certain automobile with license plate 2886940 as issued by the State of Indiana with consent of its owner defendant, **UNITED NATURAL FOODS INC.**

30. On or about October 20, 2022, defendant, **LONDON TERELL CREAMER** operated, maintained and controlled a certain automobile with license plate 2886940 as issued by the State of Indiana during the course of his employment with defendant, **UNITED NATURAL FOODS INC.**

31. On or about October 20, 2022, defendant, **UNFI TRANSPORT, LLC**, owned a certain automobile with license plate 2886940 as issued by the State of Indiana.

32. On or about October 20, 2022, defendant, **UNFI TRANSPORT, LLC** was the lessee of a certain automobile with license plate 2886940 as issued by the State of Indiana.

33. On or about October 20, 2022, defendant, **UNFI TRANSPORT, LLC** was the lessor of a certain automobile with license plate 2886940 as issued by the State of Indiana.

FILED: QUEENS COUNTY CLERK 07/06/2023 05:19 PM                INDEX NO. 713885/2023
NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 07/06/2023

34. On or about October 20, 2022, defendant, **UNFI TRANSPORT, LLC** maintained a certain automobile with license plate 2886940 as issued by the State of Indiana.

35. On or about October 20, 2022, defendant, **UNFI TRANSPORT, LLC** controlled a certain automobile with license plate 2886940 as issued by the State of Indiana.

36. On or about October 20, 2022, defendant, **LONDON TERELL CREAMER** operated, maintained and controlled a certain automobile with license plate 2886940 as issued by the State of Indiana with consent of its owner defendant, **UNFI TRANSPORT, LLC.**

37. On or about October 20, 2022, defendant, **LONDON TERELL CREAMER** operated, maintained and controlled a certain automobile with license plate 2886940 as issued by the State of Indiana during the course of his employment with defendant, **UNFI TRANSPORT, LLC.**

38. At all times hereinafter mentioned, the roadway known as Queens Boulevard at or near its intersection with 87th Avenue in Queens County, State of New York, was a public roadway and thoroughfare in common use by the residents of the State of New York, and others.

39. That on October 20, 2022, the plaintiff, **ERIC MENDEZ MARTINEZ**, was the driver in a motor vehicle with VIN #5TDDK3DC6BS014180 and license plate as issued by the State of New York at the location described.

40. That on October 20, 2022, at the aforesaid location, the defendants' motor vehicle came in contact with plaintiff's motor vehicle.

41. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless, reckless, wrongful, willful and negligent manner in which the defendant, **LONDON TERELL CREAMER**, operated and controlled their motor vehicle, without this plaintiff, **ERIC MENDEZ MARTINEZ**, in any way contributing thereto.

42. That by reason of the foregoing and the negligence of the defendants, the Plaintiff, **ERIC MENDEZ MARTINEZ** was severely injured, bruised and wounded, some of which injuries are permanent in nature and duration, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

43. That by reason of the foregoing, the Plaintiff, **ERIC MENDEZ MARTINEZ**, was compelled and did necessarily require medical aid and attention, and did necessarily pay and become liable for medicines and upon information and belief, the Plaintiff will necessarily incur similar expenses.

44. That by reason of the foregoing, the Plaintiff, **ERIC MENDEZ MARTINEZ**, has been and will be unable to attend to his usual occupation in the manner required.

45. The aforesaid accident was due solely as a result of the defendants' negligence, gross negligence, recklessness, and carelessness in the operation of said vehicle.

46. By reason of the foregoing, the Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the Plaintiff was subjected to great physical pain and mental anguish.

47. That by reason of the wrongful, reckless, negligent and unlawful actions of the defendants, as aforesaid, the Plaintiff, **ERIC MENDEZ MARTINEZ**, sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

48. That Plaintiff, **ERIC MENDEZ MARTINEZ**, is a 'covered person' as defined by section 5102 (j) of the Insurance Law of the State of New York.

FILED: QUEENS COUNTY CLERK 07/06/2023 05:19 PM                      INDEX NO. 713885/2023
NYSCEF DOC. NO. 1                                                   RECEIVED NYSCEF: 07/06/2023

49. That Plaintiff is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of 'basic economic loss' as set forth in section 5102(a) of the Insurance Law of the State of New York.

50. That Plaintiff is entitled to recovery for non-economic loss and for all economic losses sustained.

51. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

52. That pursuant to CPLR Section 1602(2) (iv), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed Plaintiff a non-delegable duty of care.

53. That pursuant to CPLR Section 1602(7), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard for the safety of others.

54. That pursuant to CPLR Section 1602(6), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants should be held liable by reason of Defendants' use, ownership or operation of a motor vehicle.

55. That pursuant to CPLR Section 1602(2) (iv), Defendant owner is liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said is vicariously liable for the negligent acts and omissions of Defendant operator of said vehicle.

56. That by reason of the foregoing, Plaintiff, **ERIC MENDEZ MARTINEZ**, was damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 57 inclusive, with the same force and effect as though more fully set forth at length herein.

58. Defendant, **LONDON TERELL CREAMER**, at all times hereinafter mentioned, was an agent, servant and/or employee of defendant, **UNITED NATURAL FOODS INC.**

59. Defendant, **UNITED NATURAL FOODS INC.,** managed the activities of its agents, servants and/or employees, specifically defendant **LONDON TERELL CREAMER**.

60. Defendant, **UNITED NATURAL FOODS INC.** controlled the activities of its agents, servants and/or employees, specifically defendant **LONDON TERELL CREAMER**.

61. Defendant, **UNITED NATURAL FOODS INC.,** maintained the activities of its agents, servants and/or employees, specifically defendant **LONDON TERELL CREAMER**.

62. Defendant, **UNITED NATURAL FOODS INC.,** inspected the activities of its agents, servants and/or employees, specifically defendant **LONDON TERELL CREAMER**.

63. Defendant, **UNITED NATURAL FOODS INC.,** supervised the activities of its agents, servants and/or employees, specifically defendant **LONDON TERELL CREAMER**.

64. Defendant, **UNITED NATURAL FOODS INC.,** trained its agents, servants and/or employees, specifically defendant **LONDON TERELL CREAMER**.

65. Defendant, **UNITED NATURAL FOODS INC.,** by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen

applicants for the position of a driver.

66. Defendant, **UNITED NATURAL FOODS INC.**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their employees, specifically defendant **LONDON TERELL CREAMER** for the position of a driver.

67. Defendant, **UNITED NATURAL FOODS INC.**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired applicants for the position of a driver specifically defendant, **LONDON TERELL CREAMER**.

68. Defendant, **UNITED NATURAL FOODS INC.**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees, specifically defendant **LONDON TERELL CREAMER** for the position of a driver.

69. Defendant, **UNITED NATURAL FOODS INC.**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained drivers, specifically, **LONDON TERELL CREAMER**.

70. Defendant, **LONDON TERELL CREAMER**, at all times hereinafter mentioned, was an agent, servant and/or employee of defendant, **UNFI TRANSPORT, LLC**.

71. Defendant, **UNFI TRANSPORT, LLC,** managed the activities of its agents, servants and/or employees, specifically defendant **LONDON TERELL CREAMER**.

72. Defendant, **UNFI TRANSPORT, LLC** controlled the activities of its agents, servants and/or employees, specifically defendant **LONDON TERELL CREAMER**.

73. Defendant, **UNFI TRANSPORT, LLC**, maintained the activities of its agents, servants and/or employees, specifically defendant **LONDON TERELL CREAMER**.

74. Defendant, **UNFI TRANSPORT, LLC**, inspected the activities of its agents, servants and/or employees, specifically defendant **LONDON TERELL CREAMER**.

75. Defendant, **UNFI TRANSPORT, LLC**, supervised the activities of its agents, servants and/or employees, specifically defendant **LONDON TERELL CREAMER**.

76. Defendant, **UNFI TRANSPORT, LLC**, trained its agents, servants and/or employees, specifically defendant **LONDON TERELL CREAMER**.

77. Defendant, **UNFI TRANSPORT, LLC**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of a driver.

78. Defendant, **UNFI TRANSPORT, LLC**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their employees, specifically defendant **LONDON TERELL CREAMER** for the position of a driver.

79. Defendant, **UNFI TRANSPORT, LLC**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired applicants for the position of a driver specifically defendant, **LONDON TERELL CREAMER**.

80. Defendant, **UNFI TRANSPORT, LLC**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees, specifically defendant **LONDON TERELL CREAMER** for the position of a driver.

81. Defendant, **UNFI TRANSPORT, LLC**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained drivers, specifically, **LONDON TERELL CREAMER**.

82. By reason of the foregoing, the Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the Plaintiff was subjected to great physical pain and mental anguish.

83. That by reason of the foregoing, Plaintiff, **ERIC MENDEZ MARTINEZ**, was damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

**WHEREFORE**, plaintiff, **ERIC MENDEZ MARTINEZ**, demands judgments against the defendants in an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction all together with the costs and disbursements of this action. Plaintiff seeks punitive damages. Plaintiff demands a jury trial.

Dated: New York, New York
      July 6, 2023

                          ELEFTERAKIS, ELEFTERAKIS & PANEK

                          By:_____
                              Nicholas Elefterakis, Esq.
                              *Attorneys for Plaintiff*
                              80 Pine Street, 38th Floor
                              New York, New York 10005
                              (212) 532-1116

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                       )
COUNTY OF NEW YORK     ) SS:

The undersigned, an attorney admitted to practice in the Courts of the State of New York, and an associate of the law firm of Elefterakis, Elefterakis, & Panek attorneys of record for the claimant herein, affirms:

That he has read the attached SUMMONS AND COMPLAINT and the same is true to his own knowledge, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge.

That affirmant's sources of information are investigation and files maintained in your affirmant's law office.

That this verification is made by your affirmant due to the fact that claimant does not presently reside within the county in which your affirmant maintains his law office, or is presently outside the county in which your affirmant maintains his law office.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated: New York, New York
       July 6, 2023

                                                      _____
                                                      Nicholas Elefterakis, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

ERIC MENDEZ MARTINEZ,

           Plaintiff,

           -against-

LONDON TERELL CREAMER, UNITED NATURAL FOODS INC., and UNFI TRANSPORT, LLC,

           Defendants.

---

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116

---

**Summons and Verified Complaint**

---

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:
    Nicholas Elefterakis, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:
    I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated: New York, New York
       July 6, 2023

_____
Nicholas Elefterakis, Esq.

---

PLEASE TAKE NOTICE
( )    that the within is a (certified) true copy of a Notice of entered in the Office of the clerk of the within Entry named Court on

( )    that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon. one of the Judges of the Settlement within named Court, on at

---

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116